IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ERNEST MILLER,

        Plaintiff,                      No.  CIV S-09-3403 MCE GGH P

    vs.

Edmund G. Brown, Jr., et al.,

        Defendants.             FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se.  He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has failed to file either the filing fee or an affidavit in support of his request to proceed in forma pauperis, as he was directed to do by Order, filed on December 17, 2009.  Although plaintiff has failed to comply with the court's order, it appears that his doing so would have been futile.  The Prison Litigation Reform Act of 1995 (PLRA) permits any court of the United States to authorize the commencement and prosecution of any suit without prepayment of fees by a person who submits an affidavit indicating that the person is unable to pay such fees; however,

        [i]n no event shall a prisoner bring a civil action or appeal a

1

>judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The court takes judicial notice[1] of the national pro se "three strikes" database, and the cases therein cited, which a Ninth Circuit committee has directed this court to access for PLRA three-strikes screening purposes, wherein plaintiff, Ernest Miller, CDCR[2] # T97203, is identified as a litigant with no less than four strikes based on the following filings dismissed for failure to state a claim: 1) Miller v. High Desert Prison, et al., CIV-S-06-1437 GEB CMK PC, dismissed on July 24, 2007[3]; 2) Miller v. Access Securepak, CIV-S-07-1538 PC, dismissed on December 19, 2007[4]; 3) Miller v. King Harris Publications Magazine, CIV-S-07-1152 LJO GSA, dismissed on March 12, 2008[5]; 4) Miller v. California State Prison Corcoran, et al., CIV-S-06-1437 OWW SMS, dismissed on May 9, 2008. The court also takes judicial notice of Miller v. McGrath [et al.], CIV-S-08-0070 HWG KSC, dismissed on November 9, 2009, wherein the court cites the cases set forth above as the basis for finding plaintiff to be barred from proceeding in that case under 28 U.S.C. § 1915(g). Each of the cases cited in Miller v. McGrath, et al., CIV-S-08-0070 HWG KSC (and the National Database), as verified by this court's review of the electronic docket of each case, was dismissed well prior to the filing of this

---

[1] Judicial notice may be taken of court records. Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir.), cert. denied, 454 U.S. 1126 (1981).

[2] California Department of Corrections and Rehabilitation.

[3] Untimely appeal dismissed for lack of jurisdiction.

[4] Dismissal for failure to state a claim summarily affirmed on appeal to the Ninth Circuit.

[5] Dismissed with prejudice for failure to state a claim, and affirmed on appeal for the reasons set forth by the magistrate judge, adopted by the district judge.

1  action, on December 7, 2009, or even by application of the mailbox rule,[6] on November 29,
2  2009.

3         The court finds that plaintiff is precluded from proceeding in forma pauperis in
4  this action unless plaintiff is "under imminent danger of serious physical injury." 28 U.S.C. §
5  1915(g).  To meet the exception, plaintiff must have alleged facts that demonstrate that he was
6  "under imminent danger" at the time of filing the complaint.  Andrews v. Cervantes, 493 F.3d
7  1047, 1053 (9th Cir. 2007) ("it is the circumstances at the time of the filing of the complaint that
8  matters for purposes of the 'imminent danger' under § 1915(g))"; see also, Abdul-Akbar v.
9  McKelvie, 239 F.3d 307, 312-14 (3rd Cir. 2001); Medberry v. Butler, 185 F.3d 1189, 1192-93
10 (11th Cir. 1999); Ashley v. Dilworth, 147 F.3d 715, 717 (8th Cir.1998); Banos v. O'Guin, 144
11 F.3d 883, 884 (5th Cir.1998).  Plaintiff has altogether failed to do so in his complaint wherein he
12 seeks money damages for defendants having allegedly "knowingly & intentionally sent
13 plaintiff...a false declaration that he recieved [sic] all his legal property dated: July-11-2008," and
14 that the remainder of his property was provided to him on October 2, 2008.  Complaint, p. 3.
15 Plaintiff states that all of his legal property was returned to him instead on November 10, 2008.
16 Id.  Nothing within this complaint can be construed in any way to be alleging that plaintiff was
17 under any imminent danger of serious physical injury at the time of filing his complaint, and the
18 court finds that plaintiff is barred from proceeding in forma pauperis under 28 U.S.C. § 1915(g)
19 and may proceed (although on the face of it he has not set forth colorable constitutional claims)
20 only by paying the fee in full within 21 days of adoption of these findings and recommendations,
21 should that occur.

22 Motions for Preliminary Injunctive Relief

23        Plaintiff, housed at High Desert State Prison, purports to have brought two

---

[6] Pursuant to Houston v. Lack, 487 U.S. 266, 275-76, 108 S. Ct. 2379, 2385 (1988)(pro se prisoner filing is dated from the date prisoner delivers it to prison authorities). Douglas v. Noelle, 567 F.3d 1103, 1109 (9th Cir. 2009) (holding that "the Houston mailbox rule applies to § 1983 complaints filed by *pro se* prisoners").

motions for preliminary injunctive relief, both duplicatively seeking to be housed in a single cell and a transfer to any other prison, on a wholly unsupported ground, i.e., "due to (fatal threats) of safety concerns to his life" for proceeding on the instant complaint. See Motions at docket # 7 and docket # 8. In addition to failing altogether to support his claims of being in any kind of danger, particularly as a result of having filed this wholly defective complaint, plaintiff improperly seeks preliminary injunctive relief when he has failed to seek permanent injunctive relief within his complaint which seeks solely money damages. A proper motion for injunctive relief must relate to the allegations of the complaint and seek an outcome that may ultimately be available in the action. If there is no such relation, injunctive relief is not properly sought. "[T]he purpose and effect of the injunction is to provide security for performance of a future order which may be entered by the court." De Beers Consolidated Mines, Ltd. v. United States, 325 U.S. 212, 219, 65 S.Ct. 1130, 1134 (1945). The court will recommend dismissal of the plaintiff's defective motions.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff be barred from proceeding in forma pauperis in this action under the three strikes provision of 28 U.S.C. § 1915(g);

2. Within 21 days of adoption of these findings and recommendations, should that occur, plaintiff be required to pay the $350.00 filing fee in full, and failing that, that this action be dismissed with prejudice; and

3. Plaintiff's defective motions for preliminary injunctive relief, filed on January 14, 2010 (docket # 7), and on January 21, 2010 (docket # 8), be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections

1 within the specified time may waive the right to appeal the District Court's order. <u>Martinez v.
2 Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

3 DATED: January 28, 2010             /s/ Gregory G. Hollows

                                      ──────────────────────────────
                                      GREGORY G. HOLLOWS
                                      UNITED STATES MAGISTRATE JUDGE

GGH:009
mill3403.3st